Ishwar CHARAN; et al., Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–70944.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 20, 2004.

---

* The panel unanimously finds this case suitable

Ashwani K. Bhakhri, Esq., Burlingame, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Jamie M. Dowd, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Ishwar Charan ("Charan"), his wife Sarojni Charan, and their children Ashika Charan, Simita Charan and Jenish Charan, all natives and citizens of Fiji, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal of an Immigration Judge's denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The Charans also petition for review of the BIA's denial of their motion to reopen proceedings on the basis of changed country conditions. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's adverse credibility findings for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001), and we deny the petition for review.

The BIA found Charan not credible based on major discrepancies between the story he told in his asylum application and to the asylum officer, and the story he told at his hearing. Charan testified that in late 1997, Fijian police officers came to his home and demanded he stop his political activities. He testified he was beaten and the entire family arrested and detained by the police for 24 hours. But Charan did not mention that incident in either his asylum application or during his asylum interview, and it was only after asylum was initially denied that Charan submitted a supplemental declaration describing the

---

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

police arrest. Substantial evidence supports the BIA's adverse credibility finding because the discrepancies are major and relate to the basis for Charan's fear of persecution. *See Taha v. Ashcroft,* 362 F.3d 623, 627 (9th Cir.2004).

Substantial evidence supports the BIA's conclusion that Charan failed to show that it was more likely than not that he would be tortured upon returning to Fiji, and therefore was not entitled to CAT relief. *See Kamalthas v. INS,* 251 F.3d 1279, 1283 (9th Cir.2001).

We review the BIA's denial of a motion to reopen for abuse of discretion. *Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir.2000). The BIA did not abuse its discretion in denying Charan's motion to reopen based on changed country conditions because the BIA's denial was not arbitrary, irrational or contrary to law. *See id.* The BIA considered the new evidence regarding a coup, and concluded that Charan failed to meet his burden of establishing a prima facie eligibility for asylum based on the coup.

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Charan's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.